OPINION
John F. Holmes was charged by indictment with three counts of aggravated robbery, each of which included a firearm specification. After a trial by jury, Holmes was found guilty of the three charges of aggravated robbery, but not guilty of the firearm specifications. The trial court imposed three consecutive sentences of five years for an aggregate sentence of fifteen years. Trial counsel filed a timely notice of appeal, and thereafter different counsel was appointed to prosecute the appeal. On July 2, 2001, appointed appellate counsel filed an Anders brief pursuant to Anders v. California (1967), 386 U.S. 738, wherein he asserted that "any appeal in this case would be frivolous." On July 3, 2001, this court filed a decision and entry, a copy of which was served upon Holmes, wherein we advised Holmes that his appellate counsel had filed an Anders brief and of the significance of an Anders brief, and we accorded Holmes sixty days within which to file a pro se brief assigning any errors for review by this court.
Holmes has not filed a pro se brief with this court.
Appointed appellate counsel proposed three potential assignments of error:
 1. TRIAL COUNSEL RENDERED INEFFECTIVE ASSISTANCE OF COUNSEL BY NOT ENLISTING AN IDENTIFICATION EXPERT.
 2. WHERE A PROSECUTOR VOUCHES FOR THE CREDIBILITY OF A WITNESS, THUS ENCROACHING UPON THE PROVINCE OF THE JURY, THE DEFENDANT IS DENIED FAIR TRIAL AND DUE PROCESS.
 3. PROSECUTORIAL MISCONDUCT DEPRIVED THE APPELLANT HIS RIGHT TO A FAIR TRIAL AS GUARANTEED BY THE OHIO AND UNITED STATES CONSTITUTION.
Pursuant to our responsibilities under Anders, we have independently searched the record of these proceedings for non-frivolous issues for appellate review and, as did appointed appellate counsel, we have found none.
Four eye witnesses identified Holmes as a participant in the aggravated robbery that gave rise to the charges against him. In view of the fact that Holmes could have been found guilty as an aider and abettor as well as a principal offender, we agree with the assessment of appellate counsel that the assistance of an identification expert would have been wholly unavailing, and that trial counsel was not ineffective in not enlisting an identification expert.
Our examination of the record reveals no improper vouching by the prosecutor for the credibility of the State's witnesses. Thus, while appellate counsel characterizes the prosecutor's conduct as harmless error, we find from our review of the record no improper vouching or error whatsoever in this regard.
Furthermore, we find no prosecutorial misconduct in the statement of the prosecutor during oral argument that if the jurors believed the defendant they could be likened to a person who would purchase a refrigerator without needing it. In our judgment, that was a fair comment on the testimony of the defendant who refuted the incriminating testimony of the State's four eye witnesses. Thus, again we would conclude that there is no prosecutorial misconduct rather than reach appointed appellate counsel's conclusion that the asserted misconduct was harmless error.
Having agreed after our independent review of the record with appellate counsel that this appeal is wholly frivolous, we will affirm the judgment appealed from.
FAIN, J. and YOUNG, J., concur.